U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed June 17, 2011**

---

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| TEXOMA PIZZA, L.P., | § | CASE NO. 10-30924 (HDH) |
| | § | |
| DEBTOR. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF
AMENDED PLAN OF REORGANIZATION, AS MODIFIED**

Came on to be considered this 16th day of June, 2011, the Confirmation Hearing with regard to the *Amended Plan of Reorganization* [Docket No. 140], filed by Texoma Pizza, L.P. (the "Debtor") on February 7, 2011, as modified by the *Modifications to Debtor's Amended Plan of Reorganization* [Docket No. 180] filed on June 14, 2011 (the "Plan Modifications"), and approved by this Court by separate order such that the Amended Plan of Reorganization includes and incorporates the Plan Modifications (collectively the "Final Plan" (which is filed as **Docket**

**No. 188**)).  The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014 in support of the Confirmation of the Final Plan.  Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

## FINDINGS OF FACT

1.  **Due and Sufficient Notice**.  Notice of the Confirmation Hearing was appropriate and complied in all respects with Bankruptcy Rule 2002(b).

2.  **Plan Compliance - Bankruptcy Code Section 1129(a)(1)**.  The Final Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

3.  **Proponent Compliance - Bankruptcy Code Section 1129(a)(2)**.  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

4.  **Good Faith - Bankruptcy Code Section 1129(a)(3)**.  The Final Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and not by any means forbidden by law and the Debtor is entitled to the protections of Section 1125(e).

5.  **Payments - Bankruptcy Code Section 1129(a)(4)**.  Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Final Plan or case have been approved by or are subject to the approval of this Court.

6.  **Disclosures - Bankruptcy Code Section 1129(a)(5)**.  The Debtor has disclosed identities and affiliations of all persons to act hereinafter as officers or directors of the Debtor or who will act as officers, directors, managers or members of the Plan Created Entity.[1]

7.  **No Rate Change Jurisdiction - Bankruptcy Code Section 1129(a)(6)**.  No governmentally regulated rates are involved in these cases.

---

[1] Capitalized terms not otherwise defined herein are given the meanings they were ascribed in the Final Plan.

**Findings of Fact and Conclusions of Law (Confirmation of Amended Plan)**          **Page 2 of 5**

8. **Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7)**. With respect to the impaired classes of claims or interests, all holders of a claim or interest of such classes has accepted the Final Plan or will receive or retain under the Final Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

9. **Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8)**. The classes have voted to accept or reject the plan as follows:

   a. Classes 2, 3, 4, 5, 6 and 7 are impaired and have voted to accept the Final Plan.

   b. Class 1 is unimpaired and is deemed to accept the Final Plan.

   c. Class 8 is impaired and is deemed to reject the Final Plan

10. **Priority Claims - Bankruptcy Code Section 1129(a)(9)**. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the provisions of the Final Plan.

11. **Class Acceptance - Bankruptcy Code Section 1129(a)(10)**. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Final Plan by any insider.

12. **Feasibility - Bankruptcy Code Section 1129(a)(11)**. The Final Plan is feasible and confirmation of the Final Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Final Plan.

13. **Fees - Bankruptcy Code Section 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930 have been paid or the Final Plan provided for the payment of such fees on the Plan Closing Date.

14. **Retiree Benefits - Bankruptcy Code Section 1129(a)(13)**. There are no retiree benefits involved in this case.

15. **Non Applicability - Bankruptcy Code Section 1129(a)(14), (15)**. Neither Section 1129(a)(14) or (15) are applicable to the Debtor.

16. **Transfer of Property - Bankruptcy Code Section 1129(a)(16)**. Any transfer required under the Final Plan meets the requirements of Section 1129(a)(16).

   a. The Debtor has shown that the assumption or rejection of executory contracts and unexpired leases set forth in the Final Plan were made in accordance with the sound exercise of the Debtor's business judgment.

17. **Plan Injunction of Section 9.03 of the Final Plan**. All Allowed Secured Claims in classes 2-6 have elected on their ballots to receive and secure the applicable benefits of the Guarantor Supplement and Release Opt-In Proposals set forth in section 5.10 of the Final Plan.

18. **Sister Entity Failure Protocol of Section 1.75.1 of the Final Plan**. The Sister Entity Failure Protocol, as described in section 1.75.1 of the Final Plan, and as implemented throughout the Final Plan does not constitute an executory contract, and is, therefore, not subject to rejection in any subsequent bankruptcy, whether such bankruptcy is filed by the Debtor or the Plan Created Entity.

19. **Compromise of Controversy**. The compromises of controversy set forth in the Final Plan are reasonable and meet the applicable standards required by Rule 9019.

## CONCLUSIONS OF LAW

I. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

II. The Final Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

III. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Final Plan.

IV. These findings and conclusions supplement those made by the Court on the record at the conclusion of the confirmation hearing.

# # # End of Order # # #

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
Shane A. Lynch (SBN 24065656)
WRIGHT GINSBERG BRUSILOW P.C.
325 N. St. Paul Street, Suite 4150
Dallas, TX 75201
(214) 651-6500
(214) 744-2615 fax
pkeiffer@wgblawfirm.com

ATTORNEYS FOR THE DEBTOR